# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SHERMAR BARRY,

    *Plaintiff*,

vs.

STATE OF NEVADA *ex rel.* DEPARTMENT OF CORRECTIONS, *et al.*

    *Defendants*.

3:11-cv-00580-RCJ-RAM

ORDER

       This removed *pro se* prisoner civil action by an inmate in the custody of the Nevada Department of Corrections ("NDOC") comes before the Court for initial review of the complaint (#1-2) under 28 U.S.C. § 1915A.

       The Court notes at the outset that the removing defendants state in the notice of removal that plaintiff filed a civil rights complaint in state court. The wholly handwritten complaint is designated only as a civil complaint and does not expressly invoke the federal civil rights laws. However, the Court proceeds on the premise that the well-pleaded allegations of the complaint present a federal question for purposes of jurisdiction.

       When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See,e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-51 & 1954, 173 L.Ed.2d 868 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 129 S.Ct. at 1949-50.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

In the present case, plaintiff Shermar Barry alleges interference or tampering with and/or loss of his "J-Pay mail and regular mail" at Ely State Prison. He alleges that certain defendants failed to properly investigate the alleged incidents regarding his mail, and he

alleges negligence in this regard. He alleges violations of state administrative regulations and the commission of a "federal offense" of tampering with his mail.

Plaintiff's allegations do not state a claim upon which relief may be granted under federal law. While alleged tampering with the mail may constitute a "federal offense," the federal criminal statutes prohibiting such interference with the mail do not give rise to a private cause of action. *See,e.g., Sciolino v. Marine Midland Bank-Western*, 463 F.Supp. 128, 131-34 (W.D.N.Y. 1979). Plaintiff otherwise has no federal constitutional claim under the Due Process Clause arising from the loss or destruction of the property consisting of his mail, because he may pursue a post-deprivation remedy for the property loss under state law. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); N.R.S. 73.010; N.R.S. 41.031; N.R.S. 209.243. Claims based on negligence further do not give rise to a federal constitutional claim. *See,e.g., Daniels*, 474 U.S. at 333, 106 S.Ct. at 666. Finally, any alleged violation of Nevada state regulations is a matter only of state law and does not give rise to a federal violation.

Any and all federal claims therefore will be dismissed for failure to state a claim upon which relief may be granted. The Court finds that allowance of leave to amend before dismissal of any and all federal claims would be futile.

Following upon the dismissal of any federal claims over which the district court otherwise might have original jurisdiction, the Court finds that the interests of judicial economy, convenience, fairness and comity would be best served in this case by remanding plaintiff's remaining state law claims. The Court accordingly exercises its discretion pursuant to 28 U.S.C. § 1367(c)(3) to decline to exercise supplemental jurisdiction over the state law claims (assuming federal jurisdiction in truth exists in the first instance) and remands the matter.

IT THEREFORE IS ORDERED that any and all federal law claims in the complaint are DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

IT FURTHER IS ORDERED that this action shall be REMANDED to the Seventh Judicial District Court, State of Nevada, White Pine County, thereby closing the federal action, as the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

DATED: September 8, 2011.

_____
ROBERT C. JONES
Chief United States District Judge